1  Stephen M. Doniger (SBN 179314)   Scott P. Shaw (Bar No. 223592)
   stephen@donigerlawfirm.com         sshaw@merchantgould.com
2  DONIGER / BURROUGHS              MERCHANT & GOULD P.C.
   603 Rose Avenue                    8383 Wilshire Blvd., Suite 935
3  Venice California 90291            Beverly Hills, California 90211
   Telephone: (310) 590-1820          Telephone: (949) 330-0202
4
5  *Attorneys for Plaintiff*           *Attorney for Defendants*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California corporation, | Case No.: 2:24-cv-04578 SRM-SK |
| Plaintiff, | <u>Hon. Serena R. Murillo Presiding</u> |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| SHEIN DISTRIBUTION CORP., a California corporation; ZOETEOP BUSINESS CO., LTD., individually and doing business as "SHEIN", a Hong Kong private limited company; ROADGET BUSINESS PTE, LTD., a Singapore private limited company, individually and doing business as "EMERY ROSE"; SHEIN US SERVICES, LLC, a California Corporation; and DOES 4-10. | |
| Defendants. | |

JOINT CASE MANAGEMENT STATEMENT

Plaintiff Star Fabrics, Inc. ("Star Fabrics" or "Plaintiff") and Defendants Shein Distribution Corporation ("SDC"), Zoetop Business Co., Ltd. ("Zoetop"), Roadget Business Pte. Ltd. ("Roadget"), and Shein US Services LLC ("SUS") (collectively, "Defendants" or "Shein" and, together with Star Fabrics, the "Parties"), by and through their counsel of record, submit this Joint Case Management Statement pursuant to the Court's Reassignment Order, Dkt. 41.

**a)** This case was filed on May 31, 2024

**b)** The parties to this case are Plaintiff Star Fabrics, Inc., and Defendants Shein Distribution Corporation ("SDC"), Zoetop Business Co., Ltd. ("Zoetop"), Roadget Business Pte. Ltd. ("Roadget"), and Shein US Services LLC ("SUS") (collectively, "Defendants" or "Shein")

**c)** Plaintiff alleges claims for copyright infringement against Defendants. Plaintiff alleges that Defendants have infringed Plaintiff's copyrights by marketing and selling garments bearing unauthorized copies of two of Plaintiff's copyrighted designs, Design 70083 and Design 21309.

**d)** Plaintiff is fabric converter in the business of selling fabric to clothing wholesalers. Plaintiff sells fabric bearing graphic designs. Plaintiff creates or purchases said designs and owns the copyrights in those designs. Defendants are clothing manufacturers, marketers and sellers. Defendants own and operate one of the world's largest online clothing retailers, commonly known as SHEIN. Plaintiff discovered Defendants selling garments bearing designs that Plaintiff are substantially similar to Plaintiff's 70083 and Design 21309 and filed this action seeking redress for copyright infringement.

**e)** Plaintiff seeks monetary damages and injunctive relief. As to monetary damages, Plaintiff seeks its actual damages and profit disgorgement to the extent disgorgement is not taken into account in calculating its actual

damages. 17 U.S.C. § 504. Plaintiff will seek actual damages in the amount of profit it would have made had Defendants purchased legitimate fabric from Plaintiff rather than illicit fabric. And Plaintiff will seek Defendants' disgorgeable profits attributable to the alleged infringement. Actual damages and disgorgeable profits will be calculated once Defendants have accounted for all of their sales of the alleged infringing garments.

In the alternative, as the holder of a timely copyright registration for each of the designs at issue Plaintiff may seek statutory damages of up to $150,000.00 per infringement. 17 U.S.C. § 504(c)(1).

Plaintiff will also seek its costs and attorneys' fees as incurred in connection with the action.

f) The parties have served written discovery and have exchanged certain documents via informal channels. For its part, Plaintiff has produced documents evidencing its ownership of the designs at issue as well Defendants' sales of alleged infringing garments. Defendant has produced sales certain sales information. Plaintiff has noticed the depositions of each Defendant. The non-expert discovery cut-off is April 8, 2025 and the expert discovery cut-off is July 8, 2025. On February 28, 2025, the parties submitted a joint stipulation seeking modification of the scheduling order and specifically seeking, *inter alia*, a ninety-day extension of the discovery cut-off dates and cited good cause for said continuance. Dkt. 40.

g) Plaintiff filed the original complaint on May 31, 2024 and the operative First Amended Complaint ("FAC") on July 30, 2024. Defendants each answered on FAC on September 19, 2024. No substantive motions have been filed. On March 4, 2025, the ADR office assigned mediator David

JOINT CASE MANAGEMENT STATEMENT
-2-

Oken to the case but no mediation date has been set. The parties anticipate requesting that ADR office assign Judge Frederick F. Mumm (ret.) as the panel mediator and will make that request once they have confirmed Judge Mumm's availability.

h) The current deadlines in this case are as follows:

| Event | Current Deadline (Dkt. 28) |
|---|---|
| Non-Expert Discovery Cut-Off | 04/08/2025 |
| Expert Disclosure (Initial) | 04/22/2025 |
| Expert Disclosure (Rebuttal) | 05/06/2025 |
| Expert Discovery Cut-Off | 05/20/2025 |
| Last Date to Hear Motions | 07/17/2025 |
| Settlement Conference Deadline | 07/29/2025 |
| First-Round Trial Filings:<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law<br>• Witness Lists<br>• Joint Exhibit List<br>• Joint Status Report Regarding Settlement<br>• Proposed Finding of Facts and Conclusions of Law (court trial only)<br>• Declarations Containing Direct Testimony, if order (court trial only) | 09/16/2025 |
| Second-Round Trial Filings:<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only) | 09/23/2025 |

JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| • Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>Evidentiary Objections to Decls. Of Direct Testimony (court trial only) | |
| Final Pretrial Conference Hearing on Motions in Limine | 10/09/2025 |
| Trial | 10/28/2025 |

i) The parties are mindful that the Court has vacated pre-trial and trial dates. The parties specifically request modification of the fact and expert discovery cut-off dates and submit proposed pre-trial and trial dates as follows:

| Event | Current Deadline (Dkt. 28) | PROPOSED New Deadline |
|---|---|---|
| Non-Expert Discovery Cut-Off | 04/08/2025 | 07/08/2025 |
| Expert Disclosure (Initial) | 04/22/2025 | 07/22/2025 |
| Expert Disclosure (Rebuttal) | 05/06/2025 | 08/06/2025 |
| Expert Discovery Cut-Off | 05/20/2025 | 08/20/2025 |
| Last Date to Hear Motions | 07/17/2025 | 10/17/2025 |
| Settlement Conference Deadline | 07/29/2025 | 10/29/2025 |
| First-Round Trial Filings:<br>• Motions in Limine<br>• Memoranda of Contentions of Fact and Law<br>• Witness Lists<br>• Joint Exhibit List<br>• Joint Status Report Regarding Settlement<br>• Proposed Finding of Facts and Conclusions of Law (court trial only) | 09/16/2025 | 12/16/2025 |

JOINT CASE MANAGEMENT STATEMENT

-4-

| | | |
|---|---|---|
| • Declarations Containing Direct Testimony, if order (court trial only) | | |
| Second-Round Trial Filings:<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Decls. Of Direct Testimony (court trial only) | 09/23/2025 | 01/12/2026 |
| Final Pretrial Conference Hearing on Motions in Limine | 10/09/2025 | 02/02/2026 |
| Trial | 10/28/2025 | 02/16/2026 |

The reasons for the request were set out in the parties' joint stipulation (Dkt. 40) and to the extent circumstances have not changed, those reasons are set out herein with citations to counsel's declarations in support of the joint stipulation where applicable.

WHEREAS, on January 28, 2025, the Court entered its Scheduling Order setting trial for October 28, 2025 (Dkt. 35.)

WHEREAS, on February 11, 2025, Defendant sent Plaintiff correspondence requesting information and documents to assess settlement, and Plaintiff served a set of Interrogatories, Requests for Admission, and Requests for Production upon Defendants.

JOINT CASE MANAGEMENT STATEMENT

-5-

WHEREAS, the Parties have exchanged information and documents to prepare for meaningful settlement discussions. That exchange is ongoing.

WHEREAS, although there is quite a bit more to do to get the case ready for trial, the parties believe they are close to having sufficient information for productive mediation. But with the current April 8, 2025, fact discovery cut-off, the parties need to move forward full-speed to complete discovery—wasting resources on time consuming and expensive discovery that could be better put towards settlement. The parties thus believe that good cause exists to continue the pre-trial and trial dates.

WHEREAS, Plaintiff's lead trial counsel, Stephen Doniger has trial set to commence in Texas on March 24, 2025. The particulars are as follows:

| *Frampton v. Hobby Lobby Stores, Inc.*, U.S.D.C Case No. 1:23-cv-01490 | March 24, 2025 (Trial is in Texas) |
|---|---|

Dkt. 40-2, ¶6.

WHEREAS, the Trial in *Frampton v. Hobby Lobby* is in Texas and will coincide with the close of discovery in this case under the current case management schedule. Dkt. 40-2, ¶7.

WHEREAS, lead trial counsel for Plaintiff has a number of other cases set for trial in the coming months as follows:

| *Musero v. Creative Artists Agency, LLC* L.A.S.C Case No.: 19STCV10435 | April 28, 2025 |
|---|---|
| *CraftShack, Inc. v. Critical Telephone Applications, Inc.* U.S.D.C Case No.: 2:24-cv-00463-FMO-MRW | May 20, 2025 |
| *CraftShack, Inc. v. G-Sky Elite, Inc.* U.S.D.C Case No.: 2:24-cv-00472-DMG-PVC | June 3, 2025 |
| *Bluprint Clothing Corp. v. Walmart, Inc.* U.S.D.C Case No: 2:24-cv-05695-RGK-PVC | June 24, 2025 |
| *Italian Connection, Inc. v. Dex USA, Inc.* U.S.D.C Case No.: 2:24-cv-02465-DDP-AGR | August 19, 2025 |
| *CraftShack, Inc. v. Betty Mayra, LLC* U.S.D.C Case No.: 2:24-cv-06859-RGK-BFM | September 30, 2025 |

Dkt. 40-2, ¶8.

JOINT CASE MANAGEMENT STATEMENT

-6-

WHEREAS, the two earlier *CraftShack* cases are related and do not appear at present to be moving toward settlement. The *Musero* case is also presently not likely to settle. Dkt. 40-2, ¶9.

WHEREAS, Plaintiff's former counsel, Kelsey Schultz, has withdrawn from this case and new associate counsel for Plaintiff is working to get up to speed and will have to do so largely in the absence of lead trial counsel, given lead trial counsel's trial schedule. Dkt. 40-2, ¶5.

WHEREAS, lead trial counsel for Defendants has conflicts with the current deadline for discovery and the current trial date, and personal commitments and conflicts towards the end of 2025. The particulars are as follows:

| | |
|---|---|
| *Deckers Outdoor Corporation v. Steven Madden Ltd. et al* 2:24-cv-03131-MWC-MAR | 9/16/2025 |
| *Le Ventures, LLC et al v. Jonathan Strauss et al* 2:24-cv-07383-WLH-PD | 9/29/2025 |

Dkt. 40-1.

WHEREAS, Defendants' counsel is already in discussions with counsel for the 07383 case about moving the trial date, but the amount of pretrial work for all these cases is difficult to manage and the parties and their counsel propose modifying the Scheduling Order as set forth below.

WHEREAS, the parties are mindful that pre-trial and trial dates have been vacated. The parties believe that good cause exists to continue the fact and expert discovery cut-off dates by a minimum of ninety days.

WHEREAS, there has only been no prior requests to amend the Scheduling Order.

 **j)** The parties do not consent to a magistrate judge for trial.

 **k)** If the Court grants the Parties' stipulation regarding the discovery cut-off dates (see Dkt. 40) and/or modifies the discovery cut-off dates as requested herein, the Parties do not believe there is a need for a case management conference. Otherwise, the parties request an immediate

JOINT CASE MANAGEMENT STATEMENT
-7-

case management conference because, as set forth in section i above, the discovery cut-off is fast approaching, and parties believe good cause exists for an extension owing in part to the complications of conducting discovery with a Chinese-based defendant. And without immediate relief and/or while waiting for a new case management order, the parties will need to continue to move forward at full speed to complete discovery under difficult circumstances all the while expending resources that would be better put toward settlement.

l) The parties seek a ninety-day continuance of the fact and expert discovery cut-off dates.

DATED: March 5, 2025

/s/*Stephen M. Doniger*
Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

/s/*Scott P. Shaw*
Scott P. Shaw (Bar No. 223592)
sshaw@merchantgould.com
MERCHANT & GOULD P.C.
8383 Wilshire Blvd., Suite 935
Beverly Hills, California 90211
Telephone: (949) 330-0202
Facsimile: (612) 332-9081

*Attorney for Defendants*

## ATTESTATION

I attest under penalty of perjury that I have obtained consent to file this document from every signatory, above.

DATED: March 5, 2025

/s/ *Stephen M. Doniger*
Counsel for Plaintiff

JOINT CASE MANAGEMENT STATEMENT
-8-